St. Louis, Iron Mountain & Southern Railway Co. *v.* Wallin.

Opinion delivered June 13, 1903.

1. Malicious Prosecution—Advice of Prosecuting Attorney.—Where the agent of a railroad company placed before the prosecuting attorney facts tending to show that plaintiff had committed a felony, and followed his directions in laying the matter before the grand jury, the railroad company was protected against liability for a malicious prosecution by the advice of the prosecuting attorney.   (Page 426.)

2. Same—Instruction.—In an action for malicious prosecution an instruction that "the legal presumption of innocence is to be regarded by the jury in every case as a matter of evidence, to the benefit of which the party is entitled" is prejudicial where it probably led the jury to believe that the plaintiff was innocent of the crime charged against him in the alleged malicious prosecution.   (Page 426.)

Appeal from Crittenden Circuit Court.

Felix G. Taylor, Judge.

Reversed.

*Dodge & Johnson,* for appellant.·

The verdict is contrary to law, and not sustained by the evidence.   12 Ark. 87; 12 Am. & Eng. Enc. Law (2d ed.), 723; 6 Ohio, 444; 65 Mo. App. 431; 97 N. Y. 590; 12 Ark. 439.   C. D. West was a witness of the state, and not the agent of the appellant.   50 S. W. 471; 1 Am. & Eng. Enc. Law (2d ed.), 899; Newell, Mal. Pros. 319; 1 Hilliard, Torts, 506; 15 Ark. 355; 33 Ark. 322; 3 Blackst. 126; 33 Ark. 322.   There was probable cause for laying the matter before the prosecuting attorney. 19 Am. & Eng. Enc. Law 685.   The

court erred in permitting letters of F. K. Barton to be read in evidence. 41 Fed. 898; 95 *Ib.* 926; 44 Cal. 609; 5 Cal. 1; 72 Conn. 335; 77 Ill. 32; 98 Ky. 365; 51 S. W. 194; 65 Minn. 256; 61 Hun, 48; 52 Pa. St. 419; 147 Pa. St. 594; 148 Mass. 546; 48 La. Ann. 334; 20 Mont. 163; 44 Cal. 609; 68 Me. 559. 559. The court erred in excluding certain questions from witness Moore.   66 N. Y. 525; Cooley, Torts, 182; 53 N. Y. 14; 15 Gratt. 381; 69 Ark. 441; 63 Ark. 387; 40 La. Ann. 374; 19 R. I. 291; 5 Bing. N. Cas. 722; 35 E. C. L. 285; 8 Scott, 40.   The finding of an indictment is *prima facie* evidence of probable cause.   92 Ia. 52; 44 J. J. Marsh. 628; 76 Mo. 660; 91 Mo. 138; 59 Mo. App. 92; 15 Nev. 167.   The court erred in giving instruction No. 9½.   147 U. S. 106.

*H. G. Chambers* and *Wright, Peters & Wright,* for appellee.

The appellant is liable.   12 Ark. 53; 24 How. 544; 58 Mo. App. 37; 99 Mo. 559; 104 Tenn. 597; 73 Ind. 433; 50 S. W. 471; Schouler, Dom. Rel., 637; 100 Ind. 139; 73 Ind. 434; 96 Tenn. 229; Wood, Mas. & Ser. §§ 229, 307-9.   The advice of appellants' attorney to West does not relieve it of liability, and does not serve to prove no malice.   72 Mo. App. 199; 91 Ill. App. 38; 29 S. E. 459; 74 Ill. App. 36; 44 S. W. 975; 94 Fed. 975; 36 C. C. A. 75; 128 Cal. 31; 94 Tenn. 686; Am. Dig. 1889, B. 2874; 19 Am. & Eng. Enc. Law, 657-8.   The letter of F. K. Barton was properly admitted.   68 Me. 559; 2 Starkie, 69; 44 Cal. 609; 5 Lea, 577.   The questions propounded to witness Moore were properly excluded.   69 Ark. 441; 63 Ark. 387; 39 Minn. 168; 64 Texas, 320; 93 Ala. 570; 83 Ill. 548; 55 Ind. 461; 46 Md. 580; 8 R. I. 360.   There was no error in instructions given.   4 Lea, 233; 156 U. S. 432.

BATTLE, J.   Lucian Wallin brought an action against St. Louis, Iron Mountain & Southern Railway Company, and alleged in his complaint that the defendant falsely and maliciously procured him to be indicted by the grand jury of Crittenden county, in this state, for the crime of obtaining money under false pretenses; and that the indictment was, by leave of the court, dismissed by the prosecuting attorney, and he was discharged; and that by reason of such prosecution he had been damaged in the sum of $45,350.

The defendant answered, and denied all the allegations in the complaint.   The plaintiff recovered a judgment for $8,000, and the defendant appealed.

The facts in this case are substantially as follows: Appellee,

Wallin, was the foreman of an extra gang of section hands in the employment of the appellant, working upon its railroad near the town of Gavin, in the county of Crittenden, in this state. His duty was to keep a roll of the men in his gang, the time they worked, and report the same to the superintendent and division road master of appellant every night. He was permitted to board the men, and did so; and was allowed to furnish them with anything they needed, and charge for the same not exceeding sixty per cent of their wages. At the end of each month he made out their respective accounts, and sent them to the proper officer to be paid when the wages of the men were due. The pay roll, made out according to his report, showed forty-three men working under him. His work was unsatisfactory, and he was discharged about the 29th of August, 1898. About the 15th of September following, at the usual time, the paymaster of appellant went to Gavin for the purpose of paying its employees. Only six out of the forty-three men appeared and claimed their pay. Twenty-one of them never claimed wages. He charged each one of the forty-three men with various sums, amounting in the aggregate to $195, which he claimed was due him for board, and was afterward paid to him by appellant. The paymaster, thinking that these facts were suspicious, reported them to the general superintendent of the appellant, and he reported then to Division Superintendent Moore for investigation, and he directed his special agent, C. D. West, to investigate them, which he did, and reported to Moore, and he referred the report and accompanying papers to Dodge & Johnson, the general attorneys of appellant, for their opinion, which they received and examined. Shortly thereafter C. D. West reported to them for instructions. Mr. Johnson, whose instructions he asked, testified: "I told him I had no instructions; that under no circumstances would the railway company order a prosecution of Wallin; that under no circumstances, as far as the railway company was concerned, would anybody prosecute Wallin; but I said to him: 'Mr. West, from the examination of these papers, I believe that there is just ground for laying this matter before the prosecuting attorney of Crittenden county; and you can go there at next term of court, and lay the matter before Mr. Killough, but under no circumstances do you prosecute or swear out any warrant against Wallin.'"

West saw O. N. Killough, who was prosecuting attorney at that time, and commenced telling him the facts that he had discovered by his investigation, when Killough directed him to go before the

grand jury, which he did.  Shortly thereafter the grand jury of Crittenden county returned into the Crittenden circuit court an indictment against appellee, in which it accused him of the crime of obtaining money under false pretenses, committed as follows: "The said Lucian Wallin, on the 20th day of August, 1898, in the county of Crittenden aforesaid, being then and there an employee of the St. Louis, Iron Mountain & Southern Railway Company, a corporation, falsely, fraudulently, feloniously and designedly did pretend and represent to said St. Louis, Iron Mountain & Southern Railway Company, a corporation, that John Smith was an employee of the said St. Louis, Iron Mountain & Southern Railway Company, a corporation, and did feloniously, fraudulently and designedly, collect and obtain from the said St. Louis, Iron Mountain & Southern Railway Company the sum of eighty-four dollars as board for the said John Smith.  Whereas, in truth and in fact, the said John Smith was not an employee of the St. Louis, Iron Mountain & Southern Railway Company."

At a term of the circuit court next thereafter held the prosecuting attorney, with leave of the court, entered a *nolle prosequi* in the case, and the accusation against the appellee was submitted to the grand jury of that term, and it failed to indict, and appellee was discharged.

Among the instructions given to the jury by the court over the objections of the appellant were the following:

"13.  If you find from the evidence that the defendant company authorized and directed C. D. West to report the charges against Wallin to the prosecuting attorney, and that the prosecuting attorney, without investigation, referred them to the grand jury, and thereupon West went before the grand jury, and procured the indictment against the plaintiff, then such acts of West were in the range of his employment, and the defendant would be responsible for the same as its agent.

"14.  If you find that the defendant, through its proper officers and agents, referred the charges against the plaintiff to Col. B. S. Johnson, their attorney at Little Rock, and that West was directed to report to him and obey his instruction; and if you further find that Col. Johnson, as the attorney and agent of the defendant, sent C. D. West to the prosecuting attorney, under instructions to lay the facts before him, and that West did report to the prosecuting attorney, who directed him to go before the grand jury, which West accordingly did, and procured an indictment against the plaintiff,

under these findings of fact, the defendant would be liable for all the acts of West in the matter as their agent."

In these instructions the court told the jury that appellant was responsible for the acts of West if they found certain facts mentioned therein. In what way was it responsible? From the instructions the jury might reasonably have inferred that appellant was guilty of a malicious prosecution without probable cause, if such facts existed. That is not true. No one would have been made liable in any manner by West going before the grand jury and stating all the facts in relation to the charge under investigation within his knowledge, and nothing more. In that case he would have done his duty. It was for the grand jury, under the advice of the prosecuting attorney or charge of the court, to determine from the evidence whether the appellee should be indicted. For the discharge of that duty the appellant or West was not responsible.

In these instructions the court virtually told the jury the appellant was liable if they found as therein stated, notwithstanding they found that its proper officers and agents referred the charges against the plaintiff to Col. B. S. Johnson, their attorney at Little Rock, and that West was directed to report to him and obey his instructions; and that Col. Johnson, as the attorney and agent of the defendant, sent C. D. West to the prosecuting attorney, under instructions to lay the facts before him, and West did so and followed his directions. In this the court erred. If West laid the facts before the prosecuting attorney and followed his instructions, neither he nor appellant would have been liable in damages to any one. He would have been justified in acting upon the advice or directions of the prosecuting attorney. *Kansas & Texas Coal Co.* v. *Galloway, ante,* p. 351.

The court further instructed the jury as follows: "The legal presumption of innocence is to be regarded by the jury in every case as a matter of evidence, to the benefit of which the party is entitled." The object of this instruction is doubtful. The jury probably understood it to mean that appellee was presumed to be innocent of the crime for which he was indicted by the Crittenden grand jury until the contrary appeared, as he was the only party who was accused of a crime, and that it was necessary for appellant to prove that he was guilty of the crime in order to defeat his recovery in this action. That is clearly and unquestionably wrong. In every action for malicious prosecution for a crime the plaintiff must prove by a preponderance of evidence, before he can recover,

(1) that the prosecution was instituted or procured by the defendant without any probable cause therefor; (2) that the motive in instituting or procuring it was malicious; and (3) that the prosecution was terminated in the acquittal or discharge of the accused.

The verdict of the jury was not sustained by sufficient evidence. West appeared before the grand jury, but there is no evidence that he testified falsely, that he misrepresented the facts, or that he withheld from the jury any material fact within his knowledge. It is the duty of every man to report to the proper grand jury facts within his knowledge tending to prove the commission of a felony. There is nothing to show that West or appellant did more than that in this case.

Reversed and remanded for a new trial.