RANDLEMAN *v.* JOHNSON.

Opinion delivered June 26, 1916.

1.   MALICIOUS PROSECUTION—ADVICE OF COUNSEL—WHEN NO DEFENSE. —It is no defense to an action for malicious prosecution, that the appellant acted upon the advice of counsel, when he had not in good faith given to the attorney a fair and full statement of the facts as he understood them to be.

2.   MALICIOUS PROSECUTION—COMPENSATORY AND PUNITIVE DAMAGES.— In an action for damages for malicious prosecution, plaintiff held entitled to recover both compensatory and punitive damages.

Appeal from Clay Circuit Court, Eastern District; *J. F. Gautney*, Judge; affirmed.

*L. Hunter*, for appellant.

1. The verdict is contrary to the law and the evidence. To support a verdict the evidence must show clearly and conclusively that malice existed, and that there was no probable cause to justify the prosecution. It is not sufficient that malice alone be shown, but want of probable cause must also appear affirmatively. 11 Ind. 45; 56 Mo. 89; 50 W. Va. 581; 42 Ill. App. 254; 103 Mich. 131; 26 L. R. A. 627; 122 Ark. 382. The failure of the grand jury to indict, is no evidence of a lack of probable cause. 94 Ark. 433, 12 L. R. A. (N. S.) 717. The defense was absolute and complete. *Redman* v. *Hudson*, 124 Ark. 26.

2. The damages are exorbitant. 122 Ark. 382, and cases cited.

*Spence Dudley*, for appellee.

1. Every element of the tort complained of is overwhelmingly shown by the evidence; probable cause, honest belief in guilt and advice of counsel were not shown to the satisfaction of the jury. The malice is

apparent.   29 Cyc. 30; 63 Ark. 391; 26 Cyc. 48; 71 Ark. 357; 26 Cyc. 27, 28.

2.   The judgment is not excessive.   58 Ark. 139; 13 Cyc. 121; 139 Ala. 217; 66 Ill. App. 173; 131 Ind. 221; 56 Kans. 794; 35 La. Ann. 594.

SMITH, J.   Appellee recovered judgment against appellant for the sum of $2,000 as damages in an action for malicious prosecution, and the judgment is questioned upon two grounds; first, that it is contrary to the law and the evidence, and, second, that it is excessive.

The charge preferred upon which the prosecution was had was that of buggery, alleged to have been committed with a mule, and upon the evidence of appellant and other witnesses appellee was ordered held by a justice of the peace, sitting as an examining court, to await the action of the grand jury.   The charge was investigated by the grand jury and dismissed, whereupon this suit was brought.

Appellant defended upon the grounds that he did not institute the proceeding, but had merely furnished the deputy prosecuting attorney the names of witnesses who were familiar with the facts in the case, and these names were furnished that officer to enable him to take such action as he deemed proper upon the investigation to be made by him.   The second defense was that the charge was true.

The evidence is in irreconcilable conflict.   Appellant testified that he had twice seen appellee commit the crime charged, and he was corroborated by his father-in-law and his brother-in-law and by another witness.   But other matters were testified to by these witnesses, in which there were such conflicts in their own evidence and such contradictions of the other evidence that the jury no doubt entirely disregarded this evidence; and we cannot say they were not warranted in so doing.

Appellee was a witness against appellant in a trial for malicious mischief wherein appellant was charged with shooting a dog.   Appellant admitted that he went to Piggott to have appellee arrested for carrying a pistol,

and there he met the deputy prosecuting attorney and, instead of preferring that charge, he told that officer about the circumstances of the alleged crime of buggery. The deputy prosecuting attorney testified that appellant was the only man he talked with before filing the information and that it was filed at appellant's request. That he met appellant on the street, when appellant called him aside and said he had some business with him, and this was the business he had. That appellant was present and testified in the justice trial and, among other other things, stated that appellee had kissed appellant's wife.

A witness named Hays, who was also a witness at the trial of appellant upon the charge of killing the dog, stated that appellant had said to him that the Johnsons, of whom appellee was one, were bad people, and that appellant proposed that a scheme be gotten up to run the Johnsons out of the neighborhood.

Appellee indignantly denied the charge and made a statement which evidently carried conviction to the minds of the jury, and it would serve no useful purpose here to set out the evidence tending to corroborate him and to contradict the evidence offered against him.

(1) Appellant insists that because the proof shows that he consulted with the prosecuting officer of that county, and that this officer put the machinery of the law in motion, he should not, therefore, be held liable for the prosecution. He cited the recent case of *Redmon v. Hudson*, 124 Ark. 26, as sustaining that view. The writer did not concur in the majority opinion in that case, but the chief ground of difference there was that the majority treated as undisputed the allegation that the appellant there, who was the defendant below, had in good faith made a full and fair statement of the facts to the attorney with whom he advised. The minority took the view that this was a question of fact which should have been passed upon by the jury. We are all agreed, however, that no one can defend as having acted upon the advice of counsel when he does not in good faith give to the attorney a fair and full statement of the facts as he

understands them to be.    Certainly he cannot make a false statement and defend upon the ground that he acted upon advice which was predicated upon this false statement.

Here the jury might well have found that, although appellant did advise with the deputy prosecuting attorney, he made a false statement to, that officer, and if he did so he can claim no protection from any action of that officer which was prompted by the false statement.

We cannot say the verdict was excessive.    Appellant was shown to be a man of considerable wealth by his own admissions, and the jury might have found that he gave a very low estimate of the value of his property.

No complaint is made against any of the instructions.

(2)    The charge was disgustingly infamous, and, in addition to the compensatory damages, the evidence on the part of appellee tends to show that it was made under circumstances which would justify the award of punitive damages, and this question was submitted to the jury, although there was no request made to find the compensatory and punitive damages separately.

Finding no error the judgment of the court below is affirmed.