JENNINGS MOTORS v. BURCHFIELD.

Opinion delivered January 12, 1931.

*Barber & Henry* and *Troy W. Lewis,* for appellant.
*Dillon & Robinson,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment for $250 rendered in the Second Division of the Circuit Court of Pulaski County in favor of appellee against

appellant for an alleged malicious prosecution of appellee by appellant in the municipal court of Little Rock for the larceny of an automobile.

According to the undisputed evidence, Paul S. Freeman, vice president of appellant, obtained information from its assistant bookkeeper, Fred McKnight, on the morning of the 16th of July, 1930, that appellee had taken a coupe, Chrysler automobile 60, from its place of business on Saturday night, July 13, 1930, without permission, and that the employees, after searching, had been unable to locate the car or automobile. Freeman made an investigation and ascertained that a salesman had seen appellee with the car Saturday night the 13th. He immediately sent out employees to search for the car, and, not finding it, revealed all the facts in its possession to appellant's regular attorney, who stated in his opinion a crime had been committed by appellee, and advised that the matter be reported to the authorities. Freeman instructed McKnight to ask the police authorities if they wanted to pick up the car, and they refused to act without a warrant whereupon Freeman instructed McKnight to go to the prosecuting attorney and state all the facts in their possession to him. McKnight obtained an audience with Kenneth W. Coulter, deputy prosecuting attorney for Pulaski County, and stated all the facts in their possession to him. Among other facts, McKnight stated to the deputy that appellee had been discharged by appellant and was not in its employ at the time he took the car, and that he did not take same with the permission of the officials of O. G. Walker, who was in charge of the used car department. The deputy prosecutor said that the facts disclosed were sufficient upon which to base a charge for larceny against appellee, and that he would prefer such a charge against him. McKnight gave the deputy prosecutor the motor and serial number of the car and the names of the witnesses. The deputy filed information against appellee, who was arrested at 2:30 p. m. on the 16th. At 5:30 p. m. on the same day the car was found by one of appellant's employees and brought

to its place of business, and Freeman immediately notified the authorities that the car had been recovered. Appellant was not notified of appellee's arrest nor when the case would be tried. On the morning of the 17th appellee was discharged for failure to prosecute and soon thereafter instituted this suit.

It is a complete defense to an action for malicious prosecution if the defendant in the action instituted the prosecution upon the advice of a prosecutor or counsel learned in the law after truly laying all the facts in his possession before him or them. *Randleman* v. *Johnson,* 125 Ark. 54, 187 S. W. 626; *Hall* v. *Adams,* 128 Ark. 119, 193 S. W. 520. The reason of this rule is that, when one truly lays all the facts in his possession before a prosecutor or an attorney and follows his or their advice, the law conclusively presumes the existence of probable cause, the lack of which is a necessary element in a suit for malicious prosecution. *St. L. I. M. & S. Ry. Co.* v. *Wallin,* 71 Ark. 422, 75 S. W. 477; *L. B. Price Mercantile Co.* v. *Cuilla,* 100 Ark. 316, 141 S. W. 194; *Price* v. *Morris,* 122 Ark. 382, 183 S. W. 180. In the instant case this defense was invoked by appellant, and, according to the undisputed evidence, all facts within the knowledge of its officials were truthfully disclosed to its own attorney and the deputy prosecuting attorney. It is argued that appellant's officials untruthfully informed its attorney and the deputy prosecuting attorney that appellee took the car without permission and that he was not in the employ of appellant at the time he took same. Appellee testified that he took the car with the permission of O. G. Walker, and that he himself was in the employment of appellant when he took same. But the undisputed testimony reflected that the officials had been informed by Mr. Walker that he did not give appellee permission to take the car and knew nothing of appellee's re-employment by Mr. Walker after they discharged him on July 5th prior to the date the car was taken. In other words, the undisputed evidence shows that the officials of appellant acted

in good faith by disclosing all the facts in their possession to its attorney as well as the deputy prosecuting attorney.

In view of the undisputed evidence in support of its defense, the trial court should have instructed a verdict in favor of appellant as requested.

The judgment is therefore reversed, and the cause of action is dismissed.