John BURK, Appellant,

v.

Linda L. BEENE, Doctor, in her individual and official capacity as Director of the Arkansas State Board of Private Career Education, Appellee.

No. 91–1443.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1991.

Decided Nov. 7, 1991.

John Wesley Hall, Little Rock, Ark., argued, for appellant.

Rick D. Hogan, Little Rock, Ark., argued, for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, LOKEN, Circuit Judge.

BOWMAN, Circuit Judge.

John Burk appeals the District Court's decision granting summary judgment in favor of Dr. Linda Beene, director of the Arkansas State Board of Private Career Education, on Burk's charge that Beene violated his constitutional rights. We affirm in part, reverse in part, and remand for further proceedings.

The basic facts are not in dispute. Burk was retained by Aviation Education Systems, Inc. ("AESI"), as an instructor for a seminar to be presented in Little Rock, Arkansas, to prepare prospective flight controllers to take the Federal Aviation Administration's qualifying exam. AESI was not licensed by the Arkansas State Board of Private Career Education ("Board"), as Arkansas state law requires for "[a]ny person ... who opens and conducts a private career school ... or an out-of-state school which offers to sell a course in Arkansas." Ark.Code Ann. § 6–51–612 (Michie Supp.1991). Although officials at AESI, by way of a warning from the Board, were aware of the license requirement and AESI's failure to obtain one, Burk was not.

Burk arrived in Little Rock on January 20, 1990, to conduct the one-day seminar there on January 21. Before his departure, AESI advised him that the seminar might not be offered as scheduled, and that he should return home if that were to happen.

As the seminar was getting underway on Sunday, January 21, 1990, officers of the Little Rock police department, accompanied by Beene, appeared at the seminar location with a warrant for the arrest of Ron

Schalt,[1] who evidently was the AESI representative who had preregistered some students for the seminar. Burk advised the officers that Schalt was not present and that he, Burk, did not know Schalt. Burk was told that he should not conduct the seminar, and he complied with that directive. The seminar was cancelled, and Burk left the seminar location, checked out of his hotel room, and departed for the airport to catch a flight home. At the airport, Little Rock police officers arrested him pursuant to a warrant obtained after the cancellation of the seminar. He was held without bond until a judge could convene a bond hearing, and approximately five hours after his arrest he was released on his own recognizance.

Burk brought suit against Beene in her official and individual capacities seeking damages under 42 U.S.C. § 1983 (1988). Burk alleged that Beene caused a warrant to be issued for his arrest without probable cause, and thus in violation of his constitutional rights, because she provided false information via an affidavit to the judge who authorized the warrant. As a pendent state law claim, Burk alleged the tort of malicious prosecution. The District Court granted Beene's motion for summary judgment, holding that Beene was entitled to immunity in her official capacity because she is not a "person" within the meaning of section 1983 when acting in that capacity. The court further held that Beene enjoyed qualified immunity for her acts in her individual capacity. The court also held that Beene acted without malice in orchestrating Burk's arrest so that Burk's state law tort claim could not be sustained. Burk appeals.

Because this case was decided on a motion for summary judgment, our review is governed by the same standards for the granting of summary judgment that governed the District Court. *McCuen v. Polk County*, 893 F.2d 172, 173 (8th Cir.1990). Thus we review the decision *de novo* and are permitted to affirm the District Court

only if the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Moore v. Webster*, 932 F.2d 1229, 1231–32 (8th Cir.1991).

The Supreme Court's "trilogy" of recent opinions examining the application of Rule 56(c) informs this Court's review of the District Court's decision. We must view "'the inferences to be drawn from the underlying facts'" in the light favorable to Burk, the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)). If we conclude that no "reasonable jury could return a verdict" for Burk, based on the record before us, then the District Court must be affirmed. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). While Beene must direct the Court's attention to the absence of evidence supporting Burk's case, it then becomes Burk's responsibility "to go beyond the pleadings" to show there is a genuine issue for trial if he is not to lose the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

■ The District Court held that Beene was entitled to constitutional immunity from suit in her official capacity as a state official. Eleventh Amendment jurisprudence is well-settled: "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Further, such a suit for damages is forbidden "'even though individual officials are nominal defendants,'" if any judgment against the official would be paid out of state funds. *Id.* (quoting *Ford Motor Co. v. Department of Treasury*, 323 U.S.

---

1. According to Beene's affidavit that accompanied her motion for summary judgment, the arrest warrant was for "Ron Schalt." The District Court's opinion refers to the person for whom the first arrest warrant was issued as "Ron Schacht." Presumably, both Beene and the District Court were identifying the same person.

459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945)). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989) (citation omitted). Finally, the Supreme Court has recently and definitively announced that "an entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." [2] *Howlett ex rel. Howlett v. Rose*, — U.S. —, —, 110 S.Ct. 2430, 2437, 110 L.Ed.2d 332 (1990) (citing *Will*, 491 U.S. 58, 109 S.Ct. 2304). These cases lead us to the conclusion that Beene in her official capacity is not subject to a suit for damages under section 1983, unless for some reason she is not entitled to Eleventh Amendment immunity.

■ "There are ... certain well-established exceptions to the reach of the Eleventh Amendment." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985). A state may waive its sovereign immunity and consent to suit in federal court, and Congress may, by legislation, abrogate immunity without the state's consent in order to effectuate the provisions of the Fourteenth Amendment. *Id.; see also* U.S. Const. amend. XIV, § 5.

■ As for the latter possibility, clearly Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983. *Quern v. Jordan*, 440 U.S. 332, 342, 99 S.Ct. 1139, 1146, 59 L.Ed.2d 358 (1979). Burk argues, however, that Beene is not entitled to Eleventh Amendment immunity because Arkansas has expressly waived its sovereign immunity by virtue of a state law that provides for indemnification by the state for actual damages assessed against a state employee or official by a state or federal court.[3] Burk's theory is that it would be unnecessary for the legislature to provide for indemnification for liability if in fact the state had not waived its immunity to suits for damages in federal court.

■ "The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Atascadero State Hosp.*, 473 U.S. at 241, 105 S.Ct. at 3146. The interests of federalism require that such a waiver be clear and unequivocal. *See Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, —, 110 S.Ct. 1868, 1873, 109 L.Ed.2d 264 (1990). We cannot read the indemnification statute as being a clear and unequivocal waiver of the state's Eleventh Amendment immunity. Moreover, the Arkansas Code provides, quite explicitly, that state officials *are* entitled to immunity in ordinary circumstances: "Officers and employees of the State of Arkansas are immune from liability and suit for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment." Ark.Code Ann. § 19–10–305(a) (Michie Supp.1991);[4] *see also Beaulieu v. Gray*, 288 Ark. 395, 705 S.W.2d 880, 881 (1986). As we are unable to conclude that the state of Arkansas has waived its constitutional immunity

---

**2.** *See* 42 U.S.C. § 1983 (1988):

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**3.** The statute that Burk argues waives Beene's sovereign immunity provides in pertinent part:

The State of Arkansas shall pay actual, but not punitive, damages adjudged by a state or federal court ... against officers or employees of the State of Arkansas ... based on an act or omission by the officer or employee while acting without malice and in good faith within the course and scope of his employment and in the performance of his official duties. Ark.Code Ann. § 21–9–203(a) (Michie 1987).

**4.** At the time Burk's suit was filed, "civil" preceded "liability" in the text of the statute and the phrase "and suit for damages" following "liability" was not in that version. Ark.Code Ann. § 19–10–305 (Michie 1987). The revisions were made by amendment in 1991.

from federal-court jurisdiction, we hold, as a matter of law, that Beene is entitled to Eleventh Amendment immunity from suit in her official capacity.

The District Court also concluded that Beene was entitled to immunity from Burk's suit in her individual capacity. State officials performing discretionary functions are protected from personal liability for unlawful acts under certain circumstances by a qualified or "good faith" immunity. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396 (1982). Such officials are entitled to this immunity to the extent "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738.

Thus the qualified immunity question "generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson*, 483 U.S. at 639, 107 S.Ct. at 3038 (citation omitted) (quoting *Harlow*, 457 U.S. at 818, 819, 102 S.Ct. at 2738, 2738). "If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Harlow*, 457 U.S. at 818–19, 102 S.Ct. at 2738. If, however, the official can show "extraordinary circumstances" and can demonstrate that the law defining the violation was unknown and unknowable, she will be entitled to immunity for her actions. *Id.* at 819, 102 S.Ct. at 2738.

The District Court held that a reasonable person would not have known that Beene's actions in acquiring the arrest warrant deprived Burk of a known constitutional right. We disagree. As the court stated, "Beene's conduct violated a clearly established constitutional right because it was clearly established that the Fourth Amendment requires a truthful factual showing sufficient to constitute probable cause," and Beene's affidavit "contained at least a couple of errors." *Burk v. Beene*, No. LR–C–90–359 (E.D.Ark. Feb. 21, 1991) (order granting motion for summary judgment) (hereinafter "Order") *reprinted in* Appellant's Addendum at 1, 9–10. Further, the District Court held that Beene should have known that an affidavit that was not truthful would violate the accused's constitutional rights. *Id.* at 10. We agree with these conclusions. The court went on to say, however, that Beene's "conduct, while maybe overly zealous, was in good faith." *Id.* Aside from amounting to a finding on a disputed question of fact, which cannot properly be made on a motion for summary judgment, this statement represents an incorrect approach to the question of qualified immunity.

A defendant's good faith or bad faith is irrelevant to the qualified immunity inquiry. Instead, as noted above, the standard is one of "objective reasonableness." *Malley v. Briggs*, 475 U.S. 335, 344, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986). In testing the "objective reasonableness" of Beene's actions, the "question ... is whether a reasonably well-trained officer in [Beene's] position would have known that [her] affidavit failed to establish probable cause and that [she] should not have applied for the warrant." *Malley*, 475 U.S. at 345, 106 S.Ct. at 1098 (footnote omitted). While Beene's affidavit on its face may have established probable cause to arrest Burk, if material information in the affidavit was known by her to be false, or if she had no reasonable basis for believing it, then it was not objectively reasonable for her to use it to obtain an arrest warrant. *See Franks v. Delaware*, 438 U.S. 154, 165, 98 S.Ct. 2674, 2681, 57 L.Ed.2d 667 (1978) (information in an affidavit to establish probable cause must be " 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true"). Although we do not look at Beene's subjective beliefs as to the reasonableness of her affidavit, clearly it is appropriate to consider the facts of the case as Beene would have known them at the time she made her sworn statement. *See Johnson v. Hay*, 931 F.2d 456, 461 (8th Cir. 1991). It is our conclusion that Beene knew or at the very least should have

known that certain material statements in her affidavit were false.

In her affidavit to establish probable cause to issue a warrant to arrest Burk, Beene stated that AESI, "with John Burk as its representative, conducted a seminar" on January 17 through January 21, 1990. Affidavit for Warrant of Arrest (Jan. 21, 1990) *reprinted in* Appellant's Appendix at A38. On the other hand, Beene's affidavit submitted with her motion for summary judgment stated that she contacted Dr. James E. Turner, AESI's chief executive officer, on January 19, 1990, and he advised her that the seminar was planned for January 21, 1990, not January 17 through the 21st. Affidavit of Dr. Linda L. Beene at 3 (Nov. 7, 1990) *reprinted in* Appellant's Appendix at A26, A28. Beene's probable cause affidavit states that Beene "contacted individuals to verify this activity at the seminar on January 17, 1990." Affidavit for Warrant of Arrest (Jan. 21, 1990) *reprinted in* Appellant's Appendix at A38. Those "individuals" are unnamed, and for good reason; as no seminar was conducted before January 21, no one could truthfully have verified the "activity at the seminar" before that date. Further, Beene knew or should have known that the seminar was never conducted, since Beene was present when Burk cancelled the class and then left the seminar location after being advised that AESI did not have the proper license to conduct the seminar. All of this took place before Beene made and presented her sworn statement in support of the arrest warrant to the prosecutor and the authorizing judge. In fact, Burk was arrested not at the seminar location but at the airport where he was preparing to depart early because of the cancellation of the class. In her summary judgment affidavit Beene states that when she arrived at the seminar location Burk was already conducting the seminar, even though she also noted, more than one-third of the seminar participants were waiting outside the classroom to pay.[5] Affidavit of Dr. Linda L. Beene at 3–4 (Nov. 7, 1990) *reprinted in* Appellant's Ap-

pendix at A26, A28–A29. It seems unlikely that Burk would have begun conducting the seminar when one-third of his students were just outside the classroom held up by the registration process. In any case, Beene knew or should have known that, even if Burk conducted the opening moments of the seminar, he did not in fact teach the seminar once he was directed not to do so.

■ Beene also asserts that she should be protected because she was following the advice of her attorney. *See Johnson v. Hay*, 931 F.2d at 463. The attorney, an assistant attorney general for the state of Arkansas, advised her to take a copy of the relevant Arkansas law and "all the information she had regarding the course work to be offered at the seminar" to the prosecutor, and to follow the advice of the prosecutor. Affidavit of Tim Humphries (Aug. 28, 1990) *reprinted in* Appellee's Addendum at 5, 5–6. Beene, however, took information to the prosecutor that, unbeknownst to the assistant attorney general, the prosecutor, and the judge who authorized the arrest warrant, was false, so she cannot say she relied on her attorney's advice and his approval of her unconstitutional actions; the attorney was unaware of those actions when he gave his advice.

In sum, we conclude that, as a matter of law, it was not objectively reasonable for Beene to submit the affidavit containing materially false statements that supported the warrant ultimately issued for Burk's arrest. Therefore, Beene in her individual capacity does not enjoy immunity from Burk's section 1983 suit or liability thereon. We remand Burk's section 1983 claim against Beene in her individual capacity to the District Court for a trial on the merits.

■ Finally, there is Burk's claim of malicious prosecution, the pendent state law tort claim. The District Court found that there was no malice in the actions of Beene, and so granted summary judgment in her favor on the claim. First, we note

---

5. There is no explanation why the unidentified person or persons collecting money on behalf of AESI were not charged with violations of the licensing law for "offer[ing] to sell a course" without the appropriate license. Ark.Code Ann. § 6–51–612 (Michie Supp.1991).

that the court had disposed of the federal claims before addressing the state claim, and should have refused to exercise jurisdiction over the state claim as pendent jurisdiction over the state claim in federal court was destroyed with the loss of the federal claims. Because this case is going back to the District Court with Burk's federal constitutional claim restored, however, we will address the court's holding on the malicious prosecution claim.

There are six elements to the tort of malicious prosecution under the common law of Arkansas: "(1) the institution or continuation of original judicial proceedings; (2) by, or at the instance of the defendant; (3) termination of the proceedings in the defendant's favor; (4) malice; (5) lack of probable cause; and (6) damage." *Pourmehdi v. Northwest Nat'l Bank*, 849 F.2d 1145, 1146 n. 2 (8th Cir. 1988) (citing *Farm Serv. Coop. v. Goshen Farms, Inc.*, 267 Ark. 324, 590 S.W.2d 861, 865 (1979)). The court based its holding on its conclusion that Beene did not act with malice. Beene asserts that, even assuming that there remain genuine issues of material fact on the element of malice, she is protected because she presented her affidavit to the prosecutor on the advice of counsel. Beene contends that this is a complete defense to the tort of malicious prosecution under Arkansas law, citing *Rogers v. General Electric Co.*, 341 F.Supp. 971 (W.D.Ark.1972). The *Rogers* court quoted this passage from the Arkansas Supreme Court, which in fact qualifies the availability of the defense: "It is a complete defense to an action for malicious prosecution if the defendant in the action instituted the prosecution, [sic] upon the advice of a prosecutor or counsel learned in the law after truly laying all the facts in his possession before him, or them." *Rogers*, 341 F.Supp. at 976 (quoting *Jennings Motors v. Burchfield*, 182 Ark. 1047, 34 S.W.2d 455 (1931)).

 Here, Beene did not "truly lay[ ] all the facts in [her] possession" be-

fore counsel, so her defense on this ground is unavailing. The same holds true for Beene's assertion that, because a prosecutor and judge authorized the warrant for Burk's arrest, there was probable cause for the arrest. Neither the prosecutor nor the judge had any way of knowing that there were material falsehoods in Beene's supporting affidavit when they signed off on the warrant.

 Beene also contends that Burk cannot show that the judicial proceeding against him was resolved in his favor, an element of the tort that must be proved to make his case. Beene asserts that the case against Burk is still pending in Little Rock Municipal Court. Brief for Appellee at 23. In his brief, Burk states that the charge against him was dropped on April 9, 1990. Brief for Appellant at 8. The District Court also said that the charge against Burk was dismissed.[6] Order at 7, *reprinted in* Appellant's Addendum at 7. At a minimum, there is a genuine issue of material fact on this question.

As for the District Court's conclusion that there was no malice as a matter of law, we believe the District Court should revisit this conclusion of state law in light of this opinion and the evidence concerning Beene's behavior in obtaining Burk's arrest warrant.

The judgment of the District Court dismissing Burk's section 1983 claim against Beene in her official capacity is affirmed. The District Court's decision to grant Beene's motion for summary judgment as to Burk's section 1983 claim against her in her individual capacity and as to Burk's state law malicious prosecution claim is reversed, and those claims are remanded for further proceedings consistent with this opinion.

---

6. Beene states that the case was put over until April 9, 1991. Although Beene's brief was filed May 31, 1991, Beene did not use her brief to provide an update on the status of the charge, but merely asserted that "this case has not been

terminated in favor of Mr. John Burk." Brief for Appellee at 23. Nor has Beene advised this court of any change in this material fact since her brief was filed.