**Christine RAWLINGS, Plaintiff,**

v.

**IOWA DEPARTMENT OF HUMAN SERVICES, Defendant.**

**No. 3–90–CV–30063.**

United States District Court,
S.D. Iowa,
Davenport Division.

May 7, 1993.

Christine Rawlings, pro se.

Richard E. Ramsey, Des Moines, IA, for defendant.

## ORDER GRANTING DEFENDANT IOWA DEPARTMENT OF HUMAN SERVICES' MOTION FOR SUMMARY JUDGMENT

BENNETT, United States Magistrate Judge.

Defendant Iowa Department of Human Services has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. The motion raises a threshold issue, unrelated to the merits of Rawlings' due process claims arising from her denial of benefits under Medicare and Medicaid: Is the Iowa Department of Human Services, admittedly a state agency, a "person" within the meaning of the phrase as used in section 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983? If the Iowa Department of Human Services, the sole Defendant in this litigation, is not a "person" within the meaning of § 1983, then Rawlings' complaint, premised solely on § 1983, must be dismissed.

## I. INTRODUCTION AND BACKGROUND

Pro se Plaintiff, Christine Rawlings, brings this case under 42 U.S.C. § 1983, against Defendant, Iowa Department of Human Resources. In her amended complaint, filed on March 30, 1993, Rawlings contends, *inter alia*, that the Iowa Department of Human Services has deprived benefits due her under Medicare and Medicaid in violation of the Due Process Clause, and that the Iowa Department of Human Services' management of the Medicaid program has been so arbitrary and capricious as to be violative of due process. For relief, Rawlings seeks compensatory damages. On April 22, 1993, the parties, pursuant to 28 U.S.C. § 636(c), consented to trial of this matter before a United States magistrate judge, and this case was transferred to the undersigned.

Iowa Department of Human Services has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Iowa Department of Human Services raises four contentions in its motion for summary judgment: first, that Iowa Department of Human Services, as a public entity, is not a "person" within the meaning of 42 U.S.C. § 1983; second, that Iowa Department of Human Services is immune from lawsuits under the Eleventh Amendment to the United States Constitution; third, that Rawlings has failed to exhaust her administrative remedies; and finally, that Rawlings is barred from obtaining the relief sought in this case.

Rawlings has resisted the Iowa Department of Human Services' Motion for Summary Judgment. For the reasons set forth below, the court is compelled to conclude that the Iowa Department of Human Services is not a "person" within the meaning of that phrase in 42 U.S.C. § 1983. Therefore, the court must grant Iowa Department of Human Services' Motion for Summary Judgment.

## II. FINDINGS OF FACT

Rawlings has brought suit solely against the Iowa Department of Human Services. Defendant, Iowa Department of Human Services, is an agency of the State of Iowa. The

Iowa Department of Human Services is responsible for administration of the Medicaid program in Iowa. *See generally* 42 U.S.C. § 1396a; Iowa Code ch. 249A. Medicare is the health insurance program established under Title XVIII of the Social Security Act. *See generally* 42 U.S.C. § 1395c. Unlike Medicaid, which is a medical assistance plan under Title XIX of the Social Security Act, Medicare is not administered by the Iowa Department of Human Services.

## III. CONCLUSIONS OF LAW

■ **A. Standards for Summary Judgment.** The standard for granting summary judgment is firmly established. Federal Rule of Civil Procedure 56 provides that summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Wabun–Inini v. Sessions,* 900 F.2d 1234, 1238 (8th Cir.1990) (citing Federal Rule of Civil Procedure 56(c)); *Woodsmith Publishing Co. v. Meredith Corp.,* 904 F.2d 1244, 1247 (8th Cir.1990).[1] A court considering a motion for summary judgment must view all the facts in the light most favorable to the nonmoving party, and give that party the benefit of all reasonable inferences that can be drawn from the facts. *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962)); *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir.1991).

The Eighth Circuit recognizes "that summary judgment is a drastic remedy and must be exercised with extreme care to prevent taking genuine issues of fact away from juries." *Wabun–Inini,* 900 F.2d at 1238. The Eighth Circuit, however, also follows the principle that "summary judgment procedure is properly regarded not as a disfavored pro-

cedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986)); *Hartnagel v. Norman,* 953 F.2d 394, 396 (8th Cir.1992).

■ Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show lack of a genuine issue." *Hartnagel,* 953 F.2d at 395 (citing *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53). The moving party is not required by Rule 56 to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.*

■ "When a moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1355–56. A nonmoving party is required under Rule 56(e) to go beyond the pleadings, and by affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. The necessary proof that the nonmoving party must produce is not precisely measurable, but it must be "enough evidence so that a reasonable jury could return a verdict for the nonmovant." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986).

■ In *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11; *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2552–53; and *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. at 1355–56, the Supreme Court established that a summary judgment motion should be interpreted by the trial court to accomplish its purpose of disposing of factually unsupported claims,

---

1. An issue of material fact is genuine if it has a real basis in the record. *Hartnagel v. Norman,* 953 F.2d 394, 395 (8th Cir.1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986)). A genuine issue of fact is

material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

and the trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Johnson v. Enron Corp.,* 906 F.2d 1234, 1237 (8th Cir.1990). The trial court, therefore, must "assess the adequacy of the nonmovants' response and whether that showing, on admissible evidence, would be sufficient to carry the burden of proof at trial." *Hartnagel,* 953 F.2d at 396 (citing *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552). If the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden of proof, then the moving party is "entitled to judgment as a matter of law". *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53; *Woodsmith,* 904 F.2d at 1247. However, if the court can conclude that a reasonable jury could return a verdict for the nonmovant, then summary judgment should not be granted. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Burk,* 948 F.2d at 492; *Woodsmith,* 904 F.2d at 1247.

**B. The "Person" Requirement of 42 U.S.C. Section 1983.**

Section 1983 provides, in relevant part:

Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (emphasis supplied).

" 'Section 1983 provides a cause of action against " 'person[s]' " only.' " *Barket, Levy & Fine v. St. Louis Thermal Energy Corp.,* 948 F.2d 1084, 1086 (8th Cir.1991) (quoting *Deretich v. Office of Admin. Hearings,* 798 F.2d 1147, 1154 (8th Cir.1986)).

The seminal case on the question before the court is the United States Supreme Court's decision in *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2311–12, 105 L.Ed.2d 45 (1989), in which the Court held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." [2] In *Will,* the plaintiff brought suit in Michigan state court

**2.** The controversy surrounding the question of whether a state is a person for purposes of § 1983 has interesting historical contours. Prior to *Monell v. New York City Dep't of Social Serv.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the United States Supreme Court had answered the question whether a state is a person within the meaning of § 1983 in the negative. In *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the Court had held that a municipality was not a person under § 1983. "[T]hat being the case," the Court reasoned, § 1983 "could not have been intended to include States as parties defendant." *Fitzpatrick v. Bitzer,* 427 U.S. 445, 452, 96 S.Ct. 2666, 2669–70, 49 L.Ed.2d 614 (1976). *Monell* overruled *Monroe,* thus holding that a municipality was a person under § 1983. *Monell,* 436 U.S. at 690, 98 S.Ct. at 2035–36. Indeed, prior to *Fitzpatrick* and *Monell,* every circuit which considered the question found that a state and its agencies were not persons for section 1983 purposes. *United States ex rel Gittlemacker v. County of Philadelphia,* 413 F.2d 84 (3d Cir.1969), *cert. denied,* 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970); *Deane Hill County Club, Inc. v. City of Knoxville,* 379 F.2d 321 (6th Cir.), *cert. denied,* 389 U.S. 975, 88 S.Ct. 476, 19 L.Ed.2d 467 (1967); *United States ex rel Lee v. Illinois,* 343 F.2d 120 (7th Cir.1965); *Loux v. Rhay,* 375 F.2d 55 (9th Cir.

1967); *Williford v. California,* 352 F.2d 474 (9th Cir.1965).

After *Monell,* "there was considerable speculation about whether the Court's reevaluation of § 1983 would extend to states as well as municipalities." *Marrapese v. Rhode Island,* 500 F.Supp. 1207, 1210 (D.R.I.1980) (footnote omitted). *Compare Harris v. Missouri Court of Appeals,* 787 F.2d 427, 429 (8th Cir.) (Missouri court of appeals is not a "person" despite *Monell* ), *cert. denied,* 479 U.S. 851, 107 S.Ct. 179, 93 L.Ed.2d 114 (1986) with *Della Grotta v. Rhode Island,* 781 F.2d 343 (1st Cir.1986) (states are "persons" after *Monell* ). For a listing of cases after *Monell* reaching opposite conclusions on the question of whether a state is a person under § 1983 see *Will,* 491 U.S. at 61–62, n. 3, 109 S.Ct. at 2306–07, n. 3. Indeed, prior to the resolution of this controversy by the Court in *Will:*

various members of the Court have debated whether a State is a person within the meaning of § 1983, see *Hutto v. Finney,* 437 U.S. 678, 700–704 [98 S.Ct. 2565, 2578–81, 57 L.Ed.2d 522] (1978) (Brennan, J., concurring); id., at 708, n. 6 [98 S.Ct. at 2582–83, n. 6] (Powell, J., concurring in part and dissenting in part), but this Court has never expressly dealt with that issue.

*Will,* 491 U.S. at 62–63, 109 S.Ct. at 2307 (footnote omitted).

against the Michigan Department of State Police and the Director of the State Police over the denial of a promotion. *Id.* 491 U.S. at 60, 109 S.Ct. at 2305–06. The Michigan state court found that the defendants were "persons for the purposes of § 1983." *Id.* at 61, 109 S.Ct. at 2306–07. In reversing that determination, the Michigan Supreme Court held that neither a state nor state officials acting in their official capacity were persons under § 1983. *Id.*[3]

In affirming the decision of the Michigan Supreme Court, the United States Supreme Court advanced three reasons for its conclusion that a state was not a "person" under section 1983. First, the Court noted that the language of § 1983, and the meaning of the word "person" did not lend themselves to such a contrary construction. *See id.* at 64–66, 109 S.Ct. at 2307–09. Second, the Court looked to the legislative history of the statute and its "principal purpose" of "provid[ing] a federal forum for civil rights claims...." *Id* at 66, 109 S.Ct. at 2309. The Court reasoned that due to the protection the Eleventh Amendment bestows upon states, Congress could not have intended to create a cause of action which could be asserted against states. *Id.* at 66–67, 109 S.Ct. at 2309–10. Third, the Court pointed out that states had the benefit of sovereign immunity at common law and Congress did not intend for § 1983 "to override well-established immunities or defenses under the common law." *Id.* at 67, 109 S.Ct. at 2309–10. Finally, the Court in *Will* noted that its previous decision in *Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978), holding that municipalities were persons under § 1983, did not compel a contrary result. The Court pointed out that states, and not municipalities, are protected by the Eleventh Amendment. *Id.* It also commented that the because *Monell* was limited to " 'local government units which are not considered part of the State for Eleventh

Amendment purposes,' " its holding in *Will* did not effect *Monell. Id.* 491 U.S. at 70, 109 S.Ct. at 2311 (quoting *Monell,* 436 U.S. at 690 n. 54, 98 S.Ct. at 2036 n. 54).

■ Although the *Will* decision did not directly mention "state agencies" in its holding, because a state agency was a party to the case the decision must be construed as implicitly holding that state agencies are also not persons under § 1983. Instead, the Court specifically noted that its holding applied to "States or *government entities that are considered 'arms of the State' for Eleventh Amendment purposes." Id.* at 70, 109 S.Ct. at 2311 (emphasis added). It is axiomatic, however, that states act through their officials and agencies. Thus, under *Will,* those state agencies and other political subdivisions which carry out the state's business and have immunity from lawsuits under the Eleventh Amendment constitute "arms of the state." Pursuant to *Will,* such entities would not be considered persons under § 1983. Those political subdivisions which are not provided immunity under the Eleventh Amendment, do not rise to the level of "arms of the state" and would, under *Will,* be considered to be persons for the purposes of § 1983. *See Barket, Levy & Fine v. St. Louis Thermal Energy Corp.,* 948 F.2d 1084, 1086–88 (8th Cir.1991) (bi-state agency is a "person" under § 1983); *Magula v. Broward Gen. Medical Ctr.,* 742 F.Supp. 645, 649 (S.D.Fla.1990) (holding that because hospital district is more like a municipality than an arm of the state, hospital district did not have Eleventh Amendment immunity).

Since the *Will* decision was handed down, a fair number of federal district and circuit courts have uniformly held that state agencies are not "persons" for purposes of § 1983. *See Cronen v. Texas Dep't of Human Serv.,* 977 F.2d 934, 936 (5th Cir.1992); *Kroll v. Board of Trustees,* 934 F.2d 904, 910 n. 7 (7th Cir.), *cert. denied,* —— U.S. ——,

---

**3.** As the Court noted in *Will,* "Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Brandon v. Holt,* 469 U.S. 464, 471 [105 S.Ct. 873, 877–78, 83 L.Ed.2d 878] (1985)." *Will,* 491 U.S. at 71, 109 S.Ct. at 2311–12. However, a state official in his or her

official capacity sued for injunctive relief, "would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' " *Will,* 491 U.S. at 71, n. 10, 109 S.Ct. at 2311, n. 10 (quoting *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985)).

112 S.Ct. 377, 116 L.Ed.2d 329 (1991); *Manning v. South Carolina Dep't of Highway and Pub. Transp.*, 914 F.2d 44, 48 (4th Cir. 1990); *Norfleet ex rel. Norfleet v. Arkansas Dep't of Human Serv.*, 796 F.Supp. 1194, 1197 (E.D.Ark.1992); *Chrissy F. ex rel. Medley v. Mississippi Dep't of Pub. Welfare*, 780 F.Supp. 1104, 1116 (S.D.Miss.1991); *Reiger v. Kansas Pub. Employees Retirement Sys.*, 755 F.Supp. 360, 361 (D.Kan.1990); *Croft v. Harder*, 730 F.Supp. 342, 348 (D.Kan.1989); *cf. Kaimowitz v. Board of Trustees*, 951 F.2d 765, 767 (7th Cir.1991) (holding state university is not a person under § 1983); *Barket, Levy & Fine*, 948 F.2d at 1086 (holding that "[a]n agency exercising state power is not a 'person' subject to suit under section 1983 if the agency is entitled to the state's sovereign immunity under the Eleventh Amendment."). The court finds these decisions to be persuasive.

█ In this case, Rawlings has not contested, nor could she generate a material question of fact, as to whether the Iowa Department of Human Services is an agency of the State of Iowa. Thus, the court need not engage in any extended analysis to determine if the Iowa Department of Human Services is a state agency. *See, e.g., Barket, Levy & Fine*, 948 F.2d at 1086–88 (the court applied six factor test to determine whether a bi-state agency is more like an arm of the compacting states or more like a local governmental entity). Therefore, Rawlings has not carried her burden under Rule 56(e), to establish that a genuine issue for trial exists in this case as to whether the Iowa Department of Human Services is an agency of the State of Iowa. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Because *Will* and subsequent lower federal court decisions compel the conclusion that a state agency is not a person for the purposes of section 1983, the Iowa Department of Human Services' Motion for Summary Judgment shall be granted.[4]

### IV. ORDER FOR JUDGMENT

For the reasons set forth above, the court concludes that Defendant Iowa Department

---

4. Because the court has concluded that Rawlings' action must be dismissed on the ground that the Iowa Department of Human Services is not a "person" within the meaning of § 1983, the court need not address the Iowa Department

of Human Services' Motion for Summary Judgment is granted. Plaintiff's complaint is therefore dismissed.

of Human Services' contention that this case must be dismissed on Eleventh Amendment grounds nor the other arguments advanced by the Iowa Department of Human Services' motion.