# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2470

_____

| | | |
|---|---|---|
| Shirley Whitten; Terriel McLaughlin; Janet Richardson, | * | |
| | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Arkansas Department of Human | * | Western District of Arkansas. |
| Services; Richard Weiss, in his official | * | |
| capacity as Director; Diane O'Connell, | * | [UNPUBLISHED] |
| individually and in her official capacity | * | |
| as director of the Division of Children | * | |
| and Family Services; Roy Kindle, | * | |
| Director of the Division of Children | * | |
| and Family Services; Kurt Knickrehm, | * | |
| Director of DHS, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 5, 2001
Filed: January 25, 2001

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Shirley Whitten, Terriel McLaughlin, and Janet Richardson were employees of the Arkansas Department of Human Services (DHS) working in the Division of Children and Family Services (DCFS). Diane O'Connell, DCFS Director, terminated them after DHS completed internal investigations into their alleged misconduct. They subsequently sued DHS, its director in his official capacity, and O'Connell, alleging as relevant that DHS did not follow its employee discipline policies during its investigation or in terminating them without good cause, and that O'Connell terminated them based upon various illegal factors and without affording them due process.

This appeal challenges the District Court's[1] summary judgment rulings that the plaintiffs had no property interest in their continued employment and that Richardson's Age Discrimination in Employment Act (ADEA) claim was barred by Eleventh Amendment sovereign immunity. Plaintiffs contend that DHS's discipline policies entitled them to due process protection and that Arkansas has waived its sovereign immunity to ADEA suits.

After reviewing the relevant discipline policies, we agree with the District Court that they did not alter plaintiffs' at-will employment status to create property interests in their jobs. See Singleton v. Cecil, 176 F.3d 419, 424-25 & n.6 (8th Cir.) (finding that an at-will employee has no property interest in job), cert. denied, 528 U.S. 966 (1999); Ball v. Ark. Dep't of Cmty. Punishment, 10 S.W.3d 873, 876 (Ark. 2000) (holding that under Arkansas law, employment is at-will unless personnel manual or employment agreement contains express provision that employee shall not be discharged except for cause); Batra v. Bd. of Regents of the Univ. of Neb., 79 F.3d 717, 720 (8th Cir. 1996) (holding that an employer's mere failure to follow its own rules and regulations does not give rise to a protected property interest).

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

We also agree with the District Court that Arkansas is immune from ADEA suits, see Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000) (holding that Congress exceeded its authority under § 5 of the Fourteenth Amendment in attempting to abrogate the States' Eleventh Amendment immunity in ADEA suits), and has not waived its immunity by enacting Ark. Code Ann. § 21-3-201 to -203, -205 (Michie 1996), which prohibits age discrimination in public employment but does not manifest consent to be sued for such discrimination in federal court. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 239-40 (1985) ("A state will be deemed to have waived its immunity only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.") (internal quotations omitted); Burk v. Beene, 948 F.2d 489, 493 (8th Cir. 1991) (holding that the waiver of sovereign immunity must be "clear and unequivocal").

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-