# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 00-1519EA

————————

Leslie Beth Houser,

        Appellee,

v.

William Nolan; Charles Peckat, in his individual capacity,

        Appellants.

\*
\* On Appeal from the United
\* States District Court
\* for the Eastern District
\* of Arkansas.
\*
\* [Not To Be Published]
\*
\*

——————

Submitted: March 2, 2001

Filed: March 19, 2001

——————

Before RICHARD S. ARNOLD, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

——————

PER CURIAM.

In this interlocutory appeal, North Little Rock Chief of Police William Nolan and Lieutenant Charles Peckat appeal the District Court's denial of their motion for summary judgment based on qualified immunity in former police officer Leslie Beth Houser's 42 U.S.C. § 1983 action against them. Houser alleged that, after she was injured at work and disclosed her intention to seek disability retirement benefits, Nolan and Peckat contracted with an investigative firm to conduct surveillance of her to determine if she was indeed disabled. Peckat then signed affidavits, which prosecutors

used to obtain Houser's arrest warrant for perjury, attesting that surveillance videotapes showed her routinely performing physical tasks which she had testified under oath in depositions that she could not perform. Houser claimed Nolan and Peckat caused her arrest without probable cause by making false and misleading statements to the prosecutors. For reversal, Nolan and Peckat argue the District Court ignored material evidence in the record, considered inadmissible evidence, and applied an incorrect legal standard. They also argue there was no evidence Nolan was involved in Houser's arrest. Houser argues the denial of qualified immunity is not appealable under Johnson v. Jones, 515 U.S. 304 (1995). For the reasons discussed below, we reverse in part.

On interlocutory appeal, we review denials of summary judgment based on qualified immunity only when the issue presented is whether the facts alleged support a claim that defendants violated clearly established law. See Pace v. City of Des Moines, 201 F.3d 1050, 1052 (8th Cir. 2000). We will affirm the denial of qualified immunity if defendants are not entitled to judgment as a matter of law. See Lyles v. City of Barling, 181 F.3d 914, 917 (8th Cir. 1999).

We conclude that Nolan was entitled to judgment as a matter of law. Houser did not allege or show that Nolan had any involvement in obtaining her arrest warrant; she merely alleged that he (and Peckat) contracted with the investigative firm. See Walden v. Carmack, 156 F.3d 861, 869-71 (8th Cir. 1998) (sheriff was entitled to qualified immunity where § 1983 claim related to issuance of search warrant and sheriff did not participate in any misrepresentation of information to issuing judge); Ripson v. Alles, 21 F.3d 805, 807-09 (8th Cir. 1994) (reversing denial of summary judgment based on qualified immunity because undisputed facts showed police chief was not personally or directly involved in plaintiff's investigation or arrest).

Because the District Court found genuine issues of material fact existed as to whether Peckat's affidavits contained false and misleading statements, Peckat's arguments that the Court ignored material evidence and considered inadmissible

evidence are not reviewable in this appeal. See <u>Johnson</u>, 515 U.S. at 313 (district court's determination that summary judgment record raised genuine issue of fact concerning defendants' involvement in alleged beating of plaintiff was not appealable, in part because this was not legal issue that could be decided with reference only to undisputed facts). As to his remaining argument, although we agree with Peckat that his motive in seeking the arrest warrant was irrelevant to the qualified-immunity inquiry, see <u>Burk v. Beene</u>, 948 F.2d 489, 494 (8th Cir. 1991) (standard is objective reasonableness), the District Court enumerated several other considerations underlying its finding. It noted the affidavits contained "overstatement"; Houser did not testify that she was incapable of certain activities, but that she suffered pain during or after them; and her participation in such activities while experiencing pain--a subjective matter which is difficult to observe--was not at odds with her testimony. Such disputed facts call into question whether Peckat acted with objective reasonableness.

Accordingly, we reverse the denial of summary judgment as to Nolan, but affirm the denial as to Peckat.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-