# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2342

_____

Sebastian Rucci,      *
    *
    Appellee,      *
    *  Appeal from the United States
    v.      *  District Court for the Eastern
    *  District of Missouri.
Missouri Board for Architects,      *
Professional Engineers,      *      [UNPUBLISHED]
Professional Land Surveyors and      *
Landscape Architects,      *
    *
    Appellant.      *

_____

Submitted: February 4, 2005
Filed: February 9, 2005

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

The Missouri Board for Architects, Professional Engineers, Professional Land Surveyors and Landscape Architects (the Board) appeals the district court's denial of its motions (1) to dismiss the action as barred by the Eleventh Amendment, and (2) to alter or amend the order denying the motion to dismiss. We reverse the denial of both motions.

Sebastian Rucci filed a 42 U.S.C. § 1983 action against the Board, seeking declaratory relief and alleging that the Board had violated and continued to violate his Fourteenth Amendment rights by promulgating and enforcing arbitrary and irrational licensing requirements. The district court concluded that the suit fell under the <u>Ex parte Young</u>, 209 U.S. 123 (1908), exception to Eleventh Amendment immunity, which applies when a plaintiff seeks prospective injunctive relief in federal court against state officials. The court concluded that, although Mr. Rucci had not named the Board members, the Board had waived the <u>Ex parte Young</u> requirement that the state officials be named through Mo. Rev. Stat. § 327.031 (2001), which states the Board may "sue and be sued . . . and its members need not be named as parties." We disagree, because nothing in section 327.031 manifests a clear and unequivocal waiver of immunity from suit. <u>Cf.</u> <u>Burk v. Beene</u>, 948 F.2d 489, 493 (8th Cir. 1991) (waiver of sovereign immunity must be "clear and unequivocal").

Thus, we conclude that Mr. Rucci's suit against the Board was barred by the Eleventh Amendment, and we reverse and remand for proceedings consistent with this opinion. On remand, Mr. Rucci should be given leave to amend his complaint to name the Board members as defendants.

_____