# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1864

_____

Stanley Smith, as Executor for the     *
Estate of Jenny Smith, Deceased,     *
    *
          Appellant,     *    Appeal from the United States
    *    District Court for the Western
      v.     *    District of Arkansas.
    *
Mike Beebe, Arkansas State Attorney     *       [UNPUBLISHED]
General; State of Arkansas,     *
    *
          Appellees.     *

_____

Submitted: February 14, 2005
Filed: February 22, 2005

_____

Before MELLOY, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Jenny Smith lived in an Arkansas nursing home. In September 1993, she was not properly secured in her bed and fell, causing head trauma and other injuries that led to her incapacity for several months. Jenny died in December 1994. A year later, Stanley Smith, executor of Jenny's estate, brought a medical malpractice lawsuit against the nursing home. An Arkansas state court held the lawsuit was barred by the two-year medical injury statute of limitations. Ark. Code Ann. § 16-114-203(a) (Michie 1993). The court also held the one-year tolling provision for persons "who had been adjudicated incompetent at the time of the act, omission, or failure

complained of" did not apply. Ark. Code Ann. § 16-114-203(e) (Michie 1993) (repealed). Smith then brought this civil rights action under 42 U.S.C. § 1983 against the State of Arkansas and the Arkansas attorney general asserting the now-repealed tolling provision was unconstitutional. The district court[*] dismissed the action as barred by sovereign immunity.

Sovereign immunity deprives federal courts of jurisdiction over lawsuits brought by private citizens against states unless the state has waived its immunity or Congress has abrogated the state's immunity under a valid exercise of Congressional power. Here, the States of Arkansas has not consented to be sued in the federal courts, Burk v. Beene, 948 F.2d 489, 492-93 (8th Cir. 1991), and Congress did not abrogate the states' sovereign immunity when it enacted 42 U.S.C. § 1983, id.; Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989). Thus, sovereign immunity bars Smith's § 1983 claim against the State. Smith's claim against the state attorney general is also barred, see id., and his claim for money damages was barred and properly dismissed, see Burk, 948 F.2d at 492-93.

Smith appeals asserting the exceptions to sovereign immunity should be broadened to encompass his situation. We lack authority to do so. Although Congress may abrogate the states' sovereign immunity, we are bound by the Supreme Court's holding in Will that Congress did not do so when it enacted § 1983. Further, the limited exemption to sovereign immunity in Ex parte Young, 209 U.S. 123 (1908), does not apply here because the state attorney general has no special relation to the tolling provision challenged by Smith. See Children's Healthcare is a Legal Duty, Inc. v. Deters, 92 F.3d 1412, 1415-16 (6th Cir. 1996); Sherman v. Community Consolidated Sch. Dist., 980 F.2d 437, 440-41 (7th Cir. 1992); Long v. Van de Kamp,

---

[*]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

961 F.2d 151, 152 (9th Cir. 1992) (per curiam); <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1208 (3d Cir. 1988).

Because Smith's claims against the State and its attorney general are barred by sovereign immunity, we affirm the district court's dismissal of Smith's lawsuit.

_____