# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1100
_____

Adam Hill

*Plaintiff - Appellant*

v.

Dale Reed, Chief Deputy Director, ADC

*Defendant - Appellee*

Hancock, Lieutenant, Barbara Ester Unit, ADC; Gaylon Lay, Lieutenant, Barbara
Ester Unit, ADC

*Defendant*s

Michelle Gray, Assistant Warden, ADC; Ricky Brooks, Lieutenant, Ester Unit
(originally named as Brooks); Lolita Shepard, Corporal, Ester Unit (originally
named as Sheperd)

*Defendants - Appellees*

Mayo, Lieutenant, Barbara Ester Unit, ADC

*Defendant*

Wendy Kelley, Former Director, ADC

*Defendant - Appellee*

J. Gillum, Lieutenant, Barbara Ester Unit, ADC

*Defendant*

Dexter Payne, Director, ADC

*Defendant - Appellee*

G. Thompson, Lieutenant, Barbara Ester Unit, ADC; Holcomb, Lieutenant, Barbara Ester Unit, ADC; Owney, Lieutenant, Barbara Ester Unit, ADC; Jones, Lieutenant, Barbara Ester Unit, ADC; Edwards, Lieutenant, Barbara Ester Unit, ADC

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville

_____

Submitted: July 20, 2020
Filed: August 10, 2020
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Adam Hill—a former inmate at the Ester Unit in Arkansas—appeals the district court's[1] adverse grant of summary judgment. Viewing the record in a light most favor to Hill, and drawing all reasonable inferences in his favor, see Jackson v. Stair, 944 F.3d 704, 709 (8th Cir. 2019) (de novo review), we agree that summary judgment was appropriate. As to the issues Hill raises on

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

-2-

appeal, we agree with the district court that Hill's claims for damages against the defendants in their official capacities were barred, see Burk v. Beene, 948 F.2d 489, 492–94 (8th Cir. 1991) (Arkansas has not waived its sovereign immunity, so sovereign immunity barred official-capacity claims for damages against defendant state official); and that, as to the claims against defendants in their individual capacities, he failed to show that the incidents he identified were in retaliation for his exercise of his First Amendment right to file grievances or lawsuits, see Santiago v. Blair, 707 F.3d 984, 991–92 (8th Cir. 2013) (requirements for showing § 1983 retaliation claims in violation of First Amendment include that defendants took adverse actions against plaintiff that would chill person of ordinary firmness from continuing protected activity, and adverse actions were motivated, at least in part, by plaintiff's exercise of protected activity); Goff v. Burton, 7 F.3d 734, 737–38 (8th Cir. 1993) (for retaliatory transfer claim, inmate must show that "but for" impermissible retaliation, he would not have been transferred). The judgment is affirmed. See 8th Cir. R. 47B.

_____